IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

STEPHEN E. SLAUGHTER                                                                            PLAINTIFF

v.                                  Case No. 1:19-cv-1023

COLUMBIA MUTUAL INSURANCE
COMPANY d/b/a COLUMBIA INSURANCE
GROUP                                                                           DEFENDANT

## **ORDER**

Before the Court is Plaintiff's Motion to Remand. ECF No. 13. Defendant Columbia Mutual Insurance Company ("CMIC") has filed a response. ECF No. 15. Plaintiff has filed a reply. ECF No. 37. The Court finds that the matter is ripe for consideration.

This putative class action lawsuit arises out of a motor vehicle accident that rendered Plaintiff's 2003 Chevrolet Silverado C1500 truck a total loss. Plaintiff alleges that CMIC failed to pay the actual cash value of his totaled vehicle because it utilized a valuation report ("AudaExplore Report") which it allegedly knew undervalued claims.

On March 1, 2019, Plaintiff filed in state court his initial complaint against Columbia Insurance Group, seeking unspecified amounts of compensatory and punitive damages and attorneys' fees. ECF No. 4. On April 22, 2019, Plaintiff filed an amended complaint in state court, also seeking unspecified amounts of compensatory and punitive damages and attorneys' fees. ECF No. 7. The amended complaint named only CMIC as a defendant, and Columbia Insurance Group was subsequently dismissed from the case on April 29, 2019, which is the same day that CMIC was served with the amended complaint. ECF No. 10.

On May 22, 2019, CMIC removed the case to this Court, invoking federal diversity jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d), 1453.[1] ECF

---

[1] "CAFA expands federal diversity jurisdiction to include class actions in which more than $5 million is in controversy

No. 2. Plaintiff then filed the instant Motion to Remand (ECF No. 13), arguing that CMIC's notice of removal was untimely because it was filed more than thirty days after CMIC received notice of the original complaint.[2] CMIC argues that the thirty-day removal period was never triggered because the removability of this case was not ascertainable from the allegations in the initial complaint.

The thirty-day removal period of 28 U.S.C. § 1446(b) "begins running upon receipt of the initial complaint only when the complaint explicitly discloses the plaintiff is seeking damages in excess of the federal jurisdictional amount." *Pirozzi*, 938 F.3d at 985 (quoting *In re Willis*, 228 F.3d 896, 897 (8th Cir. 2000)). "If the complaint contains no such disclosure, the time limit begins to run when the removing defendant 'receives from the plaintiff an amended pleading, motion, order, or other paper from which the defendant can unambiguously ascertain that the CAFA jurisdictional requirements have been satisfied.'" *Id.* (quoting *Gibson v. Clean Harbors Envtl. Servs., Inc.*, 840 F.3d 515, 519 (8th Cir. 2016)). "Although a defendant has a duty to 'apply a reasonable amount of intelligence to its reading' of any such document received from the plaintiff, a defendant has no duty 'to search its own business records or perform an independent investigation into a plaintiff's indeterminable allegations to determine removability.'" *Gibson*, 840 F.3d at 519 (quoting *Graiser v. Visionworks of Am., Inc.*, 819 F.3d 277, 285 (6th Cir. 2016)). "'If removability is not apparent from the allegations of . . . such document sent from the plaintiff,' . . . [the] thirty-day time period does not begin to run." *Id.* (quoting *Cutrone v. Mortg. Elec. Registration Sys., Inc.*, 749 F.3d 137, 143 (2d Cir. 2014)).

In the present case, neither the initial nor amended complaint disclosed an aggregate

---

if 'any member of a class of plaintiffs is a citizen of a State different from any defendant." *Pirozzi v. Massage Envy Franchising, LLC*, 938 F.3d 981, 983 (8th Cir. 2019) (citing 28 U.S.C. § 1332(d)(2)(A)).

[2] Plaintiff does not challenge CMIC's allegation in its notice of removal that more than $5 million is in controversy.

2

amount in controversy. Both complaints simply alleged that "millions of dollars [were saved] each year at the expense of the insureds" due to CMIC's undervaluing of insureds' vehicles following a total loss claim. (ECF No. 4, p. 1, ECF No. 7, p. 2). Neither complaint specified the size of the putative class nor the amount demanded by each putative class member. Plaintiff's allegation that "millions of dollars were saved each year at the expense of the insureds" is not sufficient information that would allow CMIC to "unambiguously ascertain" that more than $5 million was in controversy. Thus, when CMIC investigated and filed a notice of removal based on the results of its own amount-in-controversy investigation, the notice was timely because the thirty-day removal period had not yet been triggered.

Accordingly, the Court finds that Plaintiff's Motion to Remand (ECF No. 13) should be and hereby is **DENIED**.

**IT IS SO ORDERED**, this 4th day of March, 2020.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge